# IN RE MOSS.

Habeas Corpus; Release on Bail Pending Appeal.

An application to this court by one in custody, who had appealed from an order of the lower court refusing to discharge him on habeas corpus, to be admitted to bail during the pendency of the appeal, was *granted*, under rule XI. of this court upon the ground that the right to appeal would be valueless if bail were not allowed under the circumstances.

Nos. 1386 and 1387.

Hearing on an *ex parte* application by the appellant to be admitted to bail during the pendency of his appeal to this court from orders of the Supreme Court of the District of Columbia in a habeas corpus proceeding adjudging him in contempt of court and refusing to discharge him from custody. *Granted.*

*Mr. John C. Gittings, Mr. Wilton J. Lambert,* and *Mr. D. W. Baker* for the applicant.

Mr. Chief Justice Alvey delivered the opinion of the Court:

This is an application to be admitted to bail by the appellant during the pendency of the appeal. The appeal is from an order of the court below refusing to discharge the appellant on habeas corpus from a commitment for a contempt found against the appellant and wherein he was fined $25 and $5 costs, *and* committed to jail for ten days. The fine and cost *have been paid,* but the appellant remains in prison under the sentence imposed. Appeals have been taken and perfected and filed in this court, both from the finding and judgment in the matter of contempt and from the refusal to discharge the appellant on habeas corpus. The ground alleged for both appeals is the want of jurisdiction in the court below to commit to and refuse to discharge the appellant from prison. It is only upon the ground of the want of jurisdiction that an appeal to this court would

lie in such case as the present. If, however, bail be not allowed during the pendency of the appeal, the mere right of appeal, if such right exists for the cause alleged, would be without beneficial effect and valueless to the party. It would seem, therefore, eminently right and proper that the party should be admitted to bail during the pendency of the appeal, under rule XI. of this court, and an order will be signed accordingly. Precedents for this may be found in *Re Ayers,* 123 U. S. 444, 445, 31 L. ed. 217, 8 Sup. Ct. Rep. 164, and other cases on habeas corpus, where the applicant was imprisoned for contempt and the ground alleged for discharge was the want of jurisdiction in the court making the commitment. See *Re Swan,* 150 U. S. 637, 37 L. ed. 1207, 14 Sup. Ct. Rep. 225. *Granted.*